07 CV 3238
Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CAROLYN A. GRAY,

Plaintiff,

-against-

1199SEIU UNITED HEALTHCARE WORKERS EAST,

Defendant.

---------------------------------------------------------------------X

**07 Civ. _____ ( )**

**PETITION FOR REMOVAL OF STATE COURT ACTION**

**ECF CASE**

APR 23 2007
U.S.D.C. S.D. N.Y.
CASHIERS

To the Judges of the United States District Court for the Southern District of New York, the Petition of 1199SEIU United Healthcare Workers East ("1199SEIU") shows that:

1. On or about the 3rd day of April, 2007, plaintiff, Carolyn A. Gray, served a copy of a Notice of Claim and Summons to Appear ("Summons") by first class mail on Defendant 1199SEIU in the Civil Court of the City of New York, Small Claims Part. The action is entitled "CAROLYN A GRAY V. UNION LOCAL 1199," Index No. SHC 192/2007-3." A copy of that Summons is annexed hereto as "Exhibit A."

2. In this lawsuit, Plaintiff seeks to recover, "monies arising out of money owed to me from upgrading program in emergency room." *See* Exhibit A.

3. Plaintiff further alleges that the event occurred in May of 2002. *Id.*

4. Defendant 1199SEIU is a labor organization within the meaning of the National Labor Relations Act ("NLRA") § 2(5), 29 U.S.C. § 152(5). Defendant 1199SEIU is the collec-

tive bargaining representative of health care employees in New York State, Massachusetts, the District of Columbia and Maryland.

5. Plaintiff is a former employee of New York-Presbyterian Hospital ("the Employer") and, during her tenure as an employee of said hospital, a member of the bargaining unit represented by 1199SEIU.

6. The terms and conditions of employment for 1199SEIU-represented employees, including Plaintiff, are set forth in a collective bargaining agreement ("CBA") between Defendant 1199SEIU and the League of Voluntary Hospitals and Homes of New York, of which the Employer is a member.

7. Although Plaintiff's complaint makes reference to monies owed to her by 1199SEIU, the question of Plaintiff's entitlement to relief turns solely on the interpretation of the parties' CBA under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Accordingly, because a determination of Plaintiff's rights is governed solely by federal law, this action is removable to federal court. *See Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27-28 (2d Cir. 1988); *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 862 (2d Cir. 1986). Although the complaint does not specifically refer to § 301 of the LMRA, "a plaintiff may not defeat removal by clothing a federal claim in state garb...." *Traveler's Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir. 1986). Where "the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading." *Id.* (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722 at 268-75 (2d ed. 1985)).

8. As Plaintiff's claim for relief necessarily arises under the law of the United States, it may be removed to this Court under the provisions of 28 U.S.C. § 1441(b) without regard to the citizenship of the parties.

9. Moreover, under 29 U.S.C. § 185 (a), this action can be brought in any district court "without respect to the amount in controversy." Therefore, the fact that the Plaintiff filed the instant action in small claims court does not impede federal removal.

10. This Petition is filed within thirty (30) days after Defendants received copies of Plaintiff's complaint, as required by 28 U.S.C. § 1446(b).

11. This action was originally filed in a state court in this District. Therefore, venue is proper in this Court as provided by 28 U.S.C. §§ 1441(a) and 1446(a).

12. Prior to filing this Petition, I spoke with the Small Claim's Court Clerk and was advised that the Employer was named as a Defendant in this action. However, the Employer did not appear as a named Defendant in the Summons received by 1199SEIU. We have also been advised by the Employer's counsel that the Employer was not served with Notice of Claim and Summons to Appear. Therefore, the consent of the Employer for removal of this action is not necessary under 28 U.S.C. § 1441. *Ell et al. v. S.E.T. Landscape Design, et al*, 34 F. Supp. 2d 188 (S.D.N.Y. 1999).

13. By filing this Petition for Removal, Defendant Union does not waive any defenses that may be available to it.

14. No previous petition for removal of this action has been made.

WHEREFORE, Defendant 1199SEIU prays that the above action now pending against it in Civil Court of the City of New York, Small Claims Part, be removed therefrom to this Court.

Dated: New York, New York
April 23, 2007

LEVY RATNER, P.C.

By: César F. Rosado
Attorneys for Defendant 1199SEIU
United Healthcare Workers East
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, New York 10011

# EXHIBIT A


State of New York
Unified Court System
EXCELSIOR
CIVIL COURT
OF THE CITY
OF NEW YORK
SMALL CLAIMS
170 EAST 121ST STREET
NEW YORK, NY 10035-3523
CERTIFIED MAIL
7178 8518 8010 2070 8971
RETURN RECEIPT REQUESTED
UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004315046
$ 04.64⁰
APR 03 2007
MAILED FROM ZIP CODE 10035
14
SCH
192/2007-3
UNION LOCAL 1199
310 WEST 43RD STR
NEW YORK, NY 10036-

## PROOF OF CLAIM

If your defense is supported by a written contract or agreement, account books, receipts, itemized bills marked "Paid," cancelled checks, etc., you must produce them at the Hearing. If you rely on estimates for the future cost of repair, service or replacement, two different written itemized and signed estimates of the costs to be incurred are required. If possible, merchandise that is in dispute should be brought to court. Photographs may be an acceptable alternative in certain circumstances.

If you have a witness, he/she must be in court with you at the time and place indicated on this notice. You may have to pay an expert witness for his or her time. If a witness is unwilling to provide you with required evidence or to appear voluntarily, you may request the Clerk to issue a Subpoena for Records and/or a Subpoena to Testify, to compel someone to produce the records or to actually appear and testify. Subpoenas are issued by the Court without fee, but you will be required to pay a fee to the person on whom the Subpoena is served. Your request for subpoenas must be made to the Clerk before the scheduled date of the Hearing.

## REQUEST FOR ADJOURNMENT (CHANGE OF TIME OR DATE OF HEARING)

Proceedings are normally scheduled in the evening unless special circumstances warrant that the Clerk schedule the case for a daytime Hearing.

If the Hearing is scheduled for the evening and this time would cause an **"unreasonable hardship"** for you, you or your representative should appear at the scheduled time and request that the action be re-scheduled for a daytime Hearing.

Only a Judge can grant an adjournment. The Clerk cannot grant any change in the scheduled date or time.

## RESULT OF NON-APPEARANCE (DEFAULT)

If you, the Defendant, fail to appear for a trial an Inquest may be held. At the Inquest, the Claimant must prove his/her case to the satisfaction of the Arbitrator even though the Defendant is not present. Almost all Inquests will result in a **Judgment** in favor of the Claimant.

If the Claimant (the person who is suing) fails to appear, the case will generally be **Dismissed.**

## DEFENDANTS WHO ARE CORPORATIONS OR VOLUNTARY ASSOCIATIONS

Corporation defendants may appear by an attorney or by any authorized officer, director, or employee of the corporation. See CPLR § 321 and CCA § 1809 (2). Voluntary Associations **must** appear by attorney.

**[Bring this sheet with you at the time you come to Court]**

*ESTA INFORMACIÓN ESTÁ DISPONIBLE EN ESPAÑOL EN LA CORTE*

***THIS IS THE START OF A LAWSUIT AGAINST YOU. THE INFORMATION PROVIDED WILL ASSIST YOU IN DEFENSE OF THE LAWSUIT***

## BEFORE THE HEARING

If this case involves damage to an automobile or other property covered by insurance, notify your insurance company of this Hearing. The insurance companies will often assign an attorney representative to be present at the Hearing at no cost to you if they are made aware of the case by the policy-holder.

## COUNTERCLAIM AND THIRD-PARTY CLAIMS

If you have a claim against the Claimant, you may bring a "Counterclaim" as part of this lawsuit, for money only, up to $3,000. Within five (5) days of receiving this Notice of Claim you should file a statement containing such Counterclaim with the Court. At the time you file such Counterclaim you must pay the Clerk a filing fee of $3.00 plus the cost of postage. The Clerk will send the notice of your Counterclaim by First Class mail to the Claimant. The Counterclaim must include the amount of your claim and an explanation of the nature of your claim. You should be prepared to prove your Counterclaim on the day you come to Court for the Hearing.

If you fail to file the Counterclaim within the five (5) day period mentioned above, the law provides you with the right, nevertheless, to file your Counterclaim with the Clerk at least five (5) days before the scheduled hearing date. You may also give notice of your Counterclaim to the Court at the time of the Hearing. If you present your Counterclaim at this time, the Claimant may request and obtain an adjournment (postponement) of the hearing to a later date.

If you believe that a third party bears full or partial responsibility for the claim, you may be able to bring that party into the lawsuit as a "Third Party Defendant." Contact the Clerk promptly for information about filing a "third-party action."

## JURY TRIAL

If you desire a jury, you must, at least one day before the day upon which you have been notified to appear, file with the Clerk of the Court a written demand for a trial by jury. At that time, you will have to make an affidavit specifying the **issues of fact** which you desire to have tried by a jury and stating that such trial is desired and demanded **in good faith.** You will have to pay a jury fee and also file an undertaking (a deposit in cash) to secure the payment of any costs that may be awarded against you. Under the law the court may award additional costs to the Claimant if you demand a jury trial and a verdict is rendered against you.

## DEMAND LETTER

If this case is a "Consumer Transaction," you should have received a letter from the Claimant demanding payment, 10 days to 6 months prior to your receipt of this Notice of Claim. If you did not get such a letter, notify the Court at the time of your appearance.

## SETTLEMENT

If you admit the claim:

a) and you are able to work out a settlement with the Claimant, a written agreement (Stipulation of Settlement) should be filed with the Court. This may be done on or before the date set for the Hearing. The document provided to the Court must include the SC number of your case, and the year.

b) but desire more time to pay and the Claimant is not willing to accept your plan for payment you must appear personally on the date set for the Hearing, tell the Court that you desire time to pay, and provide your reason(s) for desiring time to pay. At that time, with the aid of the Court, you may be able to reach agreement with the Claimant and enter into a written Stipulation of Settlement.

If neither side appears in court on the date scheduled for the Hearing, the case will be marked "DISMISSED, No Appearance Either Side."

## JUDGES AND ARBITRATORS

The Judge can only try a limited number of cases at each Court session. Most Trials are held before Arbitrators who are volunteer attorneys with at least five years of experience and thoroughly knowledgeable in the law.

The decision of a Judge is subject to appeal. No appeal of an Arbitrator's decision is permitted because there is no official court transcript of Hearings held before Arbitrators.

## INSTRUCTIONS FOR ANSWERING THE CALENDAR CALL

IF YOU ARE READY FOR TRIAL AND YOU ARE WILLING TO HAVE YOUR CASE HEARD BY AN ARBITRATOR — ANSWER: YOUR NAME, READY

IF YOU WISH TO REQUEST A POSTPONEMENT OR TO CHANGE THE AMOUNT, OR TO ADD A COUNTERCLAIM — ANSWER: YOUR NAME, APPLICATION

IF YOU ARE READY FOR TRIAL BUT YOU ARE NOT WILLING TO HAVE YOUR CASE HEARD BY AN ARBITRATOR AND YOU ARE REQUESTING THAT THE CASE BE HEARD BY THE JUDGE — ANSWER: YOUR NAME, READY BY THE COURT

IF YOU REQUEST YOUR CASE BY THE COURT, IT IS QUITE POSSIBLE THAT YOU WILL HAVE TO RETURN FOR TRIAL ON ANOTHER DATE.

## RESULTS OF THIS ACTION

If a Judgment is recovered against you, the law gives the Claimant certain rights to collect the Judgment:

- If you do not pay the judgment within thirty (30) days, the Marshal or Sheriff may execute against your property. This means that the Marshal or Sheriff can seize certain of your property and sell it to satisfy the judgment. The Claimant can compel you to come into court and be examined under oath as to your property, bank account and other assets, and may obtain a restraining order tying up your bank account.
- If you work, the Marshal or Sheriff may take a portion of your salary and turn it over to the claimant until the judgment is paid.
- If the claim was based on your ownership or operation of a motor vehicle, your driver's license and/or vehicle registration may be suspended.
- If you are licensed by any City or State agency, a complaint may be filed against you for non-payment of the judgment, and your license may be revoked or suspended.

Whenever a judgment has been rendered against a person, partnership, firm or corporation in other than its true legal name and that judgment has remained unpaid for thirty-five days after the judgment debtor has received a copy of the judgment, the judgment creditor shall be entitled to commence an action for the sum of the original judgment plus costs, reasonable attorney fees, and one hundred dollars ($100.00).

If you wish you may pick up a copy of the informational booklet, "A Guide to Small Claims" or "A Guide to Commercial Claims" at the Clerk's Office.