UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CAROLYN A. GRAY,

                                                    Plaintiff,

                        -against-

LOCAL UNION 1199,
COLUMBIA PRESBYTERIAN MEDICAL CTR.,
AND NEW YORK PRESBYTERIAN OF COLUMBIA
AND CORNELL,

                                                    Defendants.
-------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO
DISMISS OR, IN THE
ALTERNATIVE, FOR
SUMMARY JUDGMENT**

Case No. 07-CV-3238 (AKH)
(GWG)
**ECF Case**

**MEMORANDUM OF LAW IN SUPPORT OF 1199SEIU'S MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT PURSUANT TO RULE 56(c)**

{Worldox Files\1199\029\04\07034307.DOC}

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Allen v. Coughlin,*
    64 F.3d 77 (2d Cir. 1995)..................................................................................4

*Carrion v. Enterprise Association,*
    227 F.3d 29 (2d Cir. 2000)................................................................................5

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)...........................................................................................4

*DelCostello v. Teamsters,*
    462 U.S. 151, 103 S. Ct. 2281 (1983).............................................................5

*H.J. Inc. v. Northwestern Bell Telegraph Co.,*
    492 U.S. 229, 109 S. Ct. 2893 (1989).............................................................4

*Kavowras v. N.Y. Times Co.,*
    328 F.3d 50 (2d Cir. 2003)................................................................................5

*Leeds v. Meltz,,*
    85 F.3d 51 (2d Cir. 1996)..................................................................................4

*S.E.C. v. Lyrand,*
    200 F. Supp. 2d 384 (S.D.N.Y. 2002).............................................................4

*Santos v. District Council,*
    619 F.2d 963 (2d Cir.1980)..............................................................................5

*Vaca v. Sipes,*
    386 U.S. 171 (1967).......................................................................................4, 5

*Wright v. Ernst & Young, LLP,*
    152 F.3d 169 (2d Cir. 1998)..............................................................................4

## FEDERAL STATUTES

29 U.S.C. § 185.............................................................................................................1

FRCP 12(b)(6) .........................................................................................................3, 4

Fed. R. Civ. P. 56(c) ...................................................................................................4

## TABLE OF AFFIDAVITS AND EXHIBITS

AFFIDAVIT OF JOYCELYN NEIL IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

AFFIRMATION OF CÉSAR ROSADO

 EXHIBIT A

  Complaint of Gray v. Union Local 1199

 EXHIBIT B

  Complaint of Gray v. Columbia Presbyterian Medical Center

 EXHIBIT C

  Complaint of Gray v. New York Presbyterian of Columbia and Cornell

 EXHIBIT D

  May, 2007 Submissions of Carolyn Gray

**PRELIMINARY STATEMENT**

Plaintiff *pro se* brought this action alleging that Defendant 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union"), incorrectly referenced in the caption as "Local Union 1199," breached the duty of fair representation ("DFR") owed to her as a member of 1199SEIU under 29 U.S.C. § 185. Defendant 1199SEIU moves to dismiss the Complaint as time-barred, pursuant to Rule 12(b)(6), or, in the alternative, pursuant to Rule 56 (c), of the Federal Rules of Civil Procedure ("FRCP").

**INTRODUCTION**

The Plaintiff is a former employee of co-Defendant New York Presbyterian Hospital ("the Employer" or "Hospital"), incorrectly referenced in the caption as "Columbia Presbyterian Medical Center" and "New York Presbyterian of Columbia and Cornell," and was formerly covered by the collective bargaining agreement between the Union and the League of Voluntary Hospitals and Homes of New York ("League Agreement"), of which the Employer is a member.

The Plaintiff alleges in the Complaint that she seeks, "to recover monies arising out of money owed to [her] from upgrading in emergency room. Date of occurrence: 05-01-2002." Rosado Affirmation ¶ 2, Exhibits "A" – "C". Given the brevity of this claim, the Plaintiff appears to allege that 1199SEIU breached its duty of fair representation ("DFR"), by failing to adequately represent her in connection with a grievance challenging the Employer's failure to pay her a wage increase while working in the emergency room. In Plaintiff's recent submission letter to Judge Hellerstein, filed with this Court on or about May 30, 2007, Plaintiff asserts that the Union failed to represent her when the Hospital gave a wage increase to "each worker that was upgraded except [to me]." *Id.* ¶ 4, Exhibit "D", May 11, 2007 letter of Gray to Judge Hellerstein.

As we demonstrate, Plaintiff's claim against the Union is clearly time-barred and should be dismissed under Rule 12(b)(6) or, in the alternative, under Rule 56(c) of the FRCP. Plaintiff filed this lawsuit on March 30, 2007 alleging that the Union failed to represent her concerning a claim that arose on May 1, 2002. However, the statute of limitations for DFR claims is six (6) months. Plaintiff filed this instant Complaint close to five (5) years after the date of her claim. Moreover, assuming *arguendo* that her claim was not time-barred as of November 1, 2002, or six (6) months after May 1, 2002, the Complaint would certainly be time-barred when Plaintiff retired from her employment from the Hospital on June 3, 2006. The Complaint was filed more than nine (9) months after her retirement. Therefore the Union urges that this matter be dismissed as untimely.

## UNDISPUTED MATERIAL FACTS

### Plaintiff's Employment History

- 1199SEIU is the collective bargaining representative for employees employed by the co-Defendant Hospital. The Union represents the employees pursuant to a collective bargaining agreement between 1199SEIU and the League of Voluntary Hospitals and Homes of New York ("League Agreement"), of which the co-Defendant Hospital is a member. Affidavit of Joycelyn Neil ("Neil Aff.") ¶ 4.

- Throughout her employment, the Plaintiff was covered by the League Agreement. ("Neil Aff.") ¶¶ 5-6.

- The Plaintiff was hired by the Hospital as a senior nursing attendant on March 12, 1990. Neil Aff. ¶ 5.

- On or about November, 1994, the Plaintiff became an ER tech at the Hospital and continued in that until April 7, 2002.   Neil Aff. ¶ 5.  See Affirmation of César F. Rosado ¶ 5, Exhibit "D", May 21, 2007 letter of the Hospital to Gray.

- On April 8, 2002, the Plaintiff became an ICU tech of the Hospital.  Neil Aff. ¶ 5.

- The Plaintiff retired from the Hospital on June 3, 2006 and has not been covered by the League Agreement since that time.  Neil Aff. ¶ 7.

### Plaintiff's Complaint

- On or about March 30, 2007, or about nine months after the Plaintiff retired from her job at the Hospital and was no longer covered by the League Contract, the Plaintiff filed a Complaint against the Union and the Hospital in the Civil Court of the City of New York, Small Claims Part, that stated, "The Claimant asks Judgment in this court for $3,000 together with interest and disbursements, on the following claim: Action to recover monies arising out of money owed to me from upgrading in emergency room.  Date of occurrence: 05-01-2002." Affirmation of César F. Rosado ¶ 2, Exhibits "A" – "C".

- On or about April 23, 2007, 1199SEIU removed the Complaint of Gray to this court since this case concerns federal labor law.  Affirmation of César F. Rosado ¶ 3.

### ARGUMENT

### POINT I

### THE COMPLAINT CAN BE PROPERLY DISMISSED UNDER RULE 12(B)(6) OR RULE 56(C) OF THE FRCP

A motion to dismiss for failure to state a claim under FRCP 12(b)(6) tests the legal sufficiency of a party's claim for relief.  A motion to dismiss under FRCP 12(b)(6) should be

granted where the pleadings make it clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906 (1989). While a district court must take all well-pleaded factual allegations as true and draw all reasonable inferences in a light most favorable to the Plaintiff, "bald assertions and conclusions of law will not suffice." *Leeds v. Meltz,*, 85 F.3d 51, 53 (2d Cir. 1996). To avoid dismissal, a plaintiff must allege facts that satisfy each element required for recovery under some actionable theory. *Wright v. Ernst & Young, LLP,* 152 F.3d 169, 173 (2d Cir. 1998).

When parties to federal litigation append documents to FRCP 12(b)(6) motions, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." FRCP 12(b)(6). Here, where the Plaintiff *pro se's* Complaint and additional supporting documents are bereft of certain facts, the Union has submitted additional documents to support its Motion to Dismiss. Thus, in the event that the Court does not dismiss Plaintiff's Complaint under FRCP 12(b)(6), it should grant summary judgment in favor of the Union on the basis of the Rule 56.1 Statement, the Affidavit of Jocelyn Neil, the Affirmation of César F. Rosado, their attached exhibits, and other attached documents that accompany this motion, since the Union clearly "demonstrates that there is no genuine issue as to any material fact." *Allen v. Coughlin,* 64 F.3d 77, 79 (2d Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). See also *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *S.E.C. v. Lyrand,* 200 F. Supp. 2d 384, 391 (S.D.N.Y. 2002).

## POINT II

### PLAINTIFF'S DFR CLAIMS MUST BE DISMISSED AS TIME-BARRED TO THE EXTENT THAT PLAINTIFF BASES HER COMPLAINT ON ACTIONS WHICH OCCURRED PRIOR TO SEPTEMBER 30, 2006.

A union owes a duty to fairly represent the employees contained in the bargaining unit for which the union has been certified as the exclusive bargaining representative. *Vaca v. Sipes,*

386 U.S. 171 (1967). A union breaches that DFR when its conduct towards the employees is arbitrary, discriminatory or in bad faith. *Id.* at 193. It is well established that the statute of limitations for DFR claims is six (6) months. *DelCostello v. Teamsters*, 462 U.S. 151, 169-72, 103 S.Ct. 2281, 2293-94 (1983); *Carrion v. Enterprise Ass'n*, 227 F.3d 29, 33-34 (2d Cir. 2000); *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 55-56 (2d Cir. 2003). In this Circuit, a DFR cause of action accrues when the plaintiff could first have successfully maintained a suit based on that cause of action. *Santos v. Dist. Council*, 619 F.2d 963, 969 (2d Cir.1980).

Plaintiff alleged in her Complaint that May 1, 2002 was the date of her claim against the Union concerning the Union's failure to represent her for not being upgraded in the emergency room. Further, in her recent submission to the Court on or about May 30, 2007, she alleges that the Union failed to represent her regarding a wage increase, but did not provide any further date. Thus, by her own admission, the May 1, 2002 is the date of the occurrence of any potential claim against the Union. To have a timely complaint, the Plaintiff had to file by November 1, 2002, but she failed to do so.

Because the Plaintiff filed her Complaint on March 30, 2007, the Plaintiff would be entitled to litigate alleged actions or omissions of the Union that arguably amount to a DFR that occurred after September 30, 2006, or six months prior to filing the Complaint. Any actions that occurred prior to September 30, 2006 are time-barred by the six-month statute of limitations and must be dismissed.

Assuming *arguendo* that her Complaint was not time-barred in 2002, it was certainly time-barred when the Plaintiff retired from her employment at the Hospital on June 3, 2006 and was no longer covered by the League Agreement. The date of her retirement would have been the absolute latest date that she could possibly have had any timely claim against the Union.

However, she failed again to file her Complaint until more than nine (9) months after she retired from her employment. Thus, the Union has clearly demonstrated that there is no basis upon which Plaintiff's Complaint could be considered timely filed. Therefore, her Complaint should be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, Defendant 1199SEIU respectfully requests that the Court dismiss Plaintiff's claims against the Union as being time-barred.

LEVY RATNER, P.C.

By: _____

César F. Rosado (CR3813)
Attorneys for 1199SEIU United Healthcare
Workers East
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126
(212) 627-8100

TO:    Carolyn A. Gray
       Plaintiff *pro se*
       2360 First Ave., Apt. 16H
       New York, NY 10035

       James Williams, Esq.
       Epstein, Becker & Green, P.C.
       250 Park Ave.
       New York, NY 10177-1211
       Attorneys for Defendant New York
         Presbyterian Hospital