UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CAROLYN A. GRAY.,                                :
                                                 :     **ORDER REMANDING CASE**
                          Plaintiff,             :     **TO STATE COURT**
     -against-                                   :
                                                 :     07 Civ. 3238 (AKH)
LOCAL UNION 1199, COLUMBIA PRESBYTERIAN          :
MEDICAL CTR., and NEW YORK PRESBYTERIAN          :
OF COLUMBIA AND CORNELL,                         :
                                                 :
                          Defendants.            :
------------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       On March 30, 2007, plaintiff Carolyn A. Gray, proceeding pro se, filed a Small Claims form complaint in the Civil Court of the City of New York, Small Claims Part, alleging that Defendants owe her $3000 in back pay for work she performed in 2002.  See Affirmation of James D. Williams, Jr., June 4, 2007 ("Williams Aff."), Ex. A.  Defendants removed the case to this Court, averring that Plaintiff was a member of the bargaining unit represented by 1199 SEIU (misnamed "Local Union 1199" on the Small Claims form); that 1199 SEIU and Plaintiff's employer had entered into a collective bargaining agreement ("CBA"); and that "the question of Plaintiff's entitlement to relief turns solely on the interpretation of the parties' CBA under Section 301 of the Labor Management Relations Act …."  Williams Aff., Ex. E.  Upon removal, Defendants moved to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P.

       Plaintiff's complaint states in its entirety, "Action to recover monies arising out of money owed to me from upgrading program in emergency room.  Date of occurrence:  May 1, 2002."  Williams Aff., Ex. A.  Thus none of the facts upon which Defendants rely as a basis for federal question jurisdiction—Plaintiff's union membership and the existence of a CBA—appear on the face of Plaintiff's complaint.  The complaint is REMANDED to the State court from

which it was removed pursuant to 28 U.S.C. § 1447(c), and Defendants' motion to dismiss is DENIED as moot.

The Clerk shall mail a certified copy of this Order of remand to the clerk of the State court, 28 U.S.C. § 1447(c), and mark this case as closed in this Court.

SO ORDERED.

Dated:   June **29**, 2007
       New York, New York

                                          ALVIN K. HELLERSTEIN
                                          United States District Judge